**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO INSURANCE POLICE NO. MKC00140, | : : : : : | |
| Plaintiffs, | : : | Case No. 3:19-cv-17475-BRM-DEA |
| v. | : : | |
| KMG INTERNATIONAL BV, et. al, | : : | **OPINION** |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Insurance Policy No. MKC 00140's ("Plaintiffs") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Somerset County (ECF No. 21.) Defendants Ride Resources, Inc. d/b/a Rides 4 U, Inc.[1] ("Defendants") oppose the Motion. (ECF No. 27.) Having reviewed the filings submitted in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause shown, Plaintiffs' Motion to Remand is **GRANTED**. All other motions are **ADMINISTRATIVELY TERMINATED** and may be refiled in state court if appropriate.

---

[1] The Court notes Defendants were improperly pled as Ride Resources, Inc., Ride Resources, Inc., Rides 4U, Inc.

## I. BACKGROUND

On July 24, 2019, Plaintiffs filed a complaint in Somerset County, under docket number L-000969-19 (the "Initial Complaint"). (ECF No. 21-2, Ex. A at 2.) On July 26, 2019 Defendants were served. (*Id.*, Ex. B at 34.) On August 20, 2019, Plaintiffs filed an Amended Complaint (the "Amended Complaint"). (*Id.*, Ex. C at 38.)

Defendants filed a Petition for Removal on August 30, 2019, thirty-five days after receiving their summons. (*Id.*, Ex. D at 75.) On September 5, 2019, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 8.)

On September 12, 2019, within the thirty-day deadline prescribed by 28 U.S.C. § 1447(c) to raise procedural defects, Plaintiffs filed a Motion to Remand. (ECF No. 21.) On October 1, the Court ordered that Defendants' Motion to Dismiss be administratively terminated pending adjudication of Plaintiffs' Motion to Remand. (ECF No. 26.) On October 7, 2019, Defendants' filed an Opposition to the Motion to Remand. (ECF No. 27.)

## II. LEGAL STANDARD

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III. DECISION

The first issue before the Court is whether Defendants' removal of the action was timely filed. Plaintiffs contend remand is required in this case because Defendants missed the deadline to file its Notice of Removal. (ECF No. 21-1 at 7.)

Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). When a notice of removal is not filed within the thirty-day window and the opposition timely files a motion to remand, the court should remand the case. *See, e.g. Costa v. Verizon N.J.*, 936 F. Supp 2d 455 (D.N.J. 2013) (remanding a case for untimely removal).

Defendants were served with the Initial Complaint on July 26, 2019. (ECF No. 22-1, Ex. B at 34.) However, Defendants did not file a Petition for Removal until August 30, 2019 (ECF No. 1), thirty-five days after they were served with the Initial Complaint. Defendants do not dispute this fact. (*See generally* ECF No. 27.)

As such, Defendants' Petition for Removal falls outside the thirty-day window. Therefore, absent more, this case warrants remand.

Nonetheless, Defendants contend the Court should deny remand because Plaintiffs have availed themselves of this Court's jurisdiction and have therefore waived their objection to removal. (ECF No. 27 at 8.) Specifically, Defendants argue Plaintiffs have used this Court's jurisdiction to issue summonses over foreign defendants. It is this affirmative conduct, Defendants argue, that precludes Plaintiffs from objecting to Defendants' removal. The Court disagrees.

Defendants rely on two cases where a courts found plaintiff waived their right to object to removal—even where removal was untimely—through affirmative conduct in federal court. *See Lanier v. American Bd. Of Endodontics*, 843 F.2d 901 (6th Cir. 1988); *see also Fin. Timing Publ'n., Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir. 1990). However, in both cases, the plaintiffs' affirmative conduct far surpassed the conduct by Plaintiffs in this case. For example, in *Lanier*, the plaintiff had served written discovery, sought to amend her complaint, and even filed a second lawsuit. *Lanier*, 843 F.2d at 905. Similarly, in *Fin. Timing*, the plaintiff had engaged in discovery for over a year and sent a letter to opposing counsel stating he would not object to removal on timeliness grounds. *Fin. Timing, Publ'n, Inc.*, 893 F.2d at 940-41. Here, because Plaintiffs' conduct—issuing summons to certain defendants—does not rise to the level of the previously cited conduct, Plaintiffs have not availed themselves enough to this Court's jurisdiction to preclude an objection to removal. Therefore, Plaintiffs' Motion to Remand is procedurally appropriate. Accordingly, for the reasons stated above, Plaintiffs' Motion to Remand is **GRANTED.**